UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BENETRIA McGOWAN, ET. AL.,

         Plaintiffs,

v.                 Case No. 19-CV-781

CITY OF MILWAUKEE, ET. AL.,

         Defendants.

---

### DEFENDANTS' MOTIONS IN LIMINE

---

  Pursuant to the Order Regarding Pretrial Reports (Dkt. 117), the Defendants submit the following Motions in Limine, the grounds for which are stated below.

  1.  **For An Order Barring Improper Statements Advancing "Golden Rule" Arguments Pursuant To Fed. R. Evid. 403.**

  Plaintiffs should be excluded from suggesting to the jurors to place themselves in the "shoes" of the Plaintiffs. Such "Golden Rule" arguments are uniformly excluded by courts as prejudicial and inadmissible under FRE 403. *See Loose v. Offshore Navigation, Inc.*, 670 F.2d 493, 496 (5th Cir. 1982); *Spray-Rite Service Corp. v Monsanto Col.*, 684 F.2D 1226, 1246 (7th Cir. 1982) (noting that making the "'golden rule' appeal . . . is universally recognized as improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence"). Thus, such arguments are highly prejudicial and thus inadmissible.

## 2. For An Order Barring Any Argument That The Jury Should Send A Message To The City Of Milwaukee With Its Verdict.

By operation of law, Plaintiffs cannot collect punitive or exemplary damages from the City of Milwaukee as the result of the allegations in this controversy. *See Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981). Accordingly, Plaintiffs should not be allowed to argue or suggest to the jury that sending a message to the City of Milwaukee serves as basis for an award. Any argument suggesting that the jury should send a message would be an improper plea for punitive damages. Plaintiffs should be barred from eliciting such testimony, or making such arguments as they are highly prejudicial and thus inadmissible.

## 3. For An Order Barring Plaintiff, Jarrett English, From Presenting Any Evidence Of Damages Including Loss Of Income Or Medical Expenses And/Or Lay Opinions Regarding Physical Or Mental Diagnosis.

Plaintiffs' September 16, 2019, Rule 26(a) Disclosures provided that "Both Plaintiffs seek emotional distress damages and punitive damages, as yet, in an amount to be determined at trial. All claimed damages span from the date of the unlawful arrest to the present." (Ex. A). There has never been any discovery response, document production, or itemization of any actual damages regarding English's claims. Because Plaintiff, Jarrett English, failed to itemize his claims or produce any evidence of such damages, testimony regarding actual damages must be barred.

## 4. For An Order Barring Improper Evidence, Argument, Or Innuendo Of A "Code Of Silence" Among Police Officers.

Pursuant to FRE 401, 402, and 403, Defendants seek to preclude Plaintiffs from presenting at trial any testimony, evidence, or argument that police officers privilege their institution over truth by generally lying, conspiring, covering up, hiding, or otherwise maintaining a "code of silence" or "blue wall" to protect their fellow officers. The prejudicial effect of this evidence substantially outweighs its probative value. *See Betts v. City of Chicago, Ill.,* 784 F. Supp. 2d 1020, 1029 (N.D. Ill. 2011) (barring plaintiff from introducing evidence that law enforcement officers

12

typically adhere to a "code of silence" or "blue wall" or seek to cover up misconduct in order to protect fellow officers). Further, these arguments are not relevant to the jury's determination of credibility and would only serve to prejudice Defendants. In accordance with FRE 401, 402 and 403, such arguments are inadmissible. Specifically pursuant to FRE 403, evidence with relevance should be excluded when its prejudicial effect outweighs its probative value.

The exclusive inference for evidence of a "blue wall," or "code of silence" is that officers would break the law, engage in unethical or immoral behavior to protect their institution at any cost. The jury's task in this lawsuit, however, is to decide fact, not whether policing generally is "good" or "bad"; otherwise refocusing a trial on facts to a referendum of opinion. Finally, plaintiffs have no foundation upon which to formulate an argument of this nature, and lack a shred of evidence in the record so far compiled to maintain such an argument.

For these reasons, and in compliance with the FRE 401, 402, and 403, Defendants request a limiting instruction plaintiffs refrain from any testimony, argument, inference or suggestion the Milwaukee Police Department or any of its named defendants or officer witnesses engage in such behavior regarding a "code of silence" or "blue wall."

### 5. For An Order Barring Reference To Violation Of Police Department Rules, Policies, Regulations, Or General Orders.

Defendants seek to prevent Plaintiffs from raising issues related to the possible violation of police practices, regulations, or general orders. It is well established that a violation of police practices or rules does not rise to the level of a constitutional violation. *Kraushaar v. Flanigan*, 45 F.3d 1040 (7th Cir. 1995). The Seventh Circuit has stated that "the violation of police regulations or even a state law is completely immaterial as to the question of whether a violation of the federal constitution has been established." *Thompson v. City of Chicago*, 472 F.3d 444 (7th Cir. 2006). *See also Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (holding that § 1983 "protects

13

plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices").

Further, the Court explained that while evidence, testimony, or argument concerning possible violations of General Orders, rules, or regulations may be relevant to "discipline, promotion, or salary decisions" made by the Defendants' superiors, that kind of information is "immaterial" in proceedings before a district court on claims of constitutional violations and therefore "properly excluded" in rulings on motions in limine. *Thompson*, at 455. Therefore, such arguments are inadmissible because they are irrelevant, confusing, and prejudicial.

### 6. For An Order Barring Plaintiffs From Presenting Any Evidence Of Unrelated Police Misconduct Against Any Of The Defendants, And/or Other Police Personnel and/ or Law Enforcement In General Including Other Lawsuits.

Any allegations that police officers or employees of the Milwaukee Police Department may have acted wrongfully on other occasions is "bad acts" evidence or "propensity evidence." "Propensity evidence" is highly disfavored, often devolving a trial to a determination on character, as opposed to a fact finding endeavor. Further, any evidence, testimony, or argument regarding prior lawsuits, civilian complaints, and disciplinary history of the Defendants or other Milwaukee Police personnel must be barred as improper propensity evidence. Propensity evidence is inadmissible under FRE. 404(b) to prove that a party acted consistently with his alleged bad character on the occasion in question. *See Huddleston v. U.S.*, 485 U.S. 681, 685 (1988); *U.S. v. Shriver*, 842 F.2d 968, 974 (7th Cir. 1988). While there are limited exceptions to the admissibility of such evidence, none of those exceptions are present in this case.

Any evidence regarding any investigation and related discipline should be excluded because its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence, contrary to Federal Rule of Evidence 403. Additionally, to the

14

extent that Plaintiffs will seek to present investigatory files and related records as substantive evidence, such documents are filled with inadmissible hearsay. Thus, Defendants respectfully assert that any statements, argument or evidence mentioned above be excluded from trial.

7. **For An Order Allowing Defendants To Introduce News Media Reports About The Civil Unrest In The Area Of Sherman Park Between August 13, 2016, and August 30, 2016.**

Defendants seek permission to present the below-specified news-media reports as evidence in the course of trial pursuant to FRE 902:

- "A night of conflict, chaos and courage in Sherman Park." Milwaukee Journal Sentinel, August 20, 2016.

- "In Photos: A look into wreckage one month after Milwaukee riots." The Badger Herald, September 5, 2016.

- "6 businesses burned in Milwaukee unrest." Milwaukee Journal Sentinel. Published Aug. 14, 2016.

- "MFD: $5.8 million worth of damage done to Sherman Park businesses during arrest; 'And that's a rough estimate." Fox6Now.com, September 7, 2016.

- "New Overnight: Police Shooting Sparks Violent Protests." ABC/Good Morning America, August 15, 2016.

- "Neighbors Want Memorial Removed Because of Crowds" TMJ4.com, August 31, 2016.

As reasons, the federal rules identify classes of materials, including news-media reports, which are self-authenticating and require no extrinsic evidence of authenticity in order to be admitted. *See, e.g.* Fed. R. Evid. Rule 902(6). The statements within these reports are trustworthy and reliable, under the totality of circumstances, in light of their appearance in well-known news outlets relied upon by members of the community for many years. The continued viability of these media sources depends on the community's belief in their reliability and accuracy, and their financial incentives are similarly aligned. Admission is therefore appropriate pursuant to FRE 807. Furthermore, these reports are corroborated and buttressed by the parties' stipulated facts,

and are consistent with this Court's Findings of Fact in ruling upon the parties' cross-motions for summary judgment. Finally, these reports are not offered for their truth but rather for their impact upon the state-of-mind of the relevant officials and policymakers in formulating the City of Milwaukee's response to the on-going events in the Sherman Park neighborhood. Wherefore, Defendants respectfully request that this Honorable Court allow for the use and admission of the same at trial.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that their Motions in Limine be granted.

Dated at Milwaukee, Wisconsin this 20th day of June, 2023.

TEARMAN SPENCER
City Attorney

*s/Jennifer L. Williams*
JENNIFER L. WILLIAMS
Deputy City Attorney
State Bar No.: 1058087

*s/Clint B. Muche*
CLINT B. MUCHE
Assistant City Attorney
State Bar No.: 1131629

*s/Stacy J. Miller*
STACY J. MILLER
Assistant City Attorney
State Bar No.: 1126905
***Attorneys for Defendants***

ADDRESS:
Milwaukee City Attorney's Office
200 E Wells St., Ste 800
Milwaukee WI 53202-3515
Phone: 414-286-2601
Fax: (414) 286-8550