Exhibit D

**PLAINTIFFS' PROPOSED SUBSTANTIVE JURY INSTRUCTIONS**

**Plaintiffs' Proposed Jury Instruction No. 1:**
**PLAINTIFFS' CLAIMS**

Plaintiffs Benetria McGowan and Jarrett English claim that Defendants, police officers with the Milwaukee Police Department and the City of Milwaukee, violated their First and Fourth Amendment rights on the evening of August 30, 2016, during a police operation designed to end gatherings of people grieving over and protesting an officer's fatal shooting of Sylville Smith earlier in the month, on August 13, 2016.

Plaintiffs claim the Defendants' orders to them to disperse and their subsequent arrests violated the First Amendment by suppressing the Plaintiffs' assembly and expressive activities. Plaintiffs claim the arrests violated their Fourth Amendment right to be free from false arrest because Defendants lacked the legal basis to believe the Plaintiffs were engaged in or had been engaged in illegal activity. Plaintiffs also claim that the Defendants used excessive force in arresting them, in violation of the Fourth Amendment.

[Defendants claim that the officers' arrests of Plaintiffs were legal and justified.]

AUTHORITY

*English v. City of Milwaukee*, Order Granting in Part & Denying in Part Motions for Summary Judgment [Dkt. 97] at 1-2, 12-13, 2022 WL 3354746 (E.D. Wis. Aug. 12, 2022) *McGowan v. City of Milwaukee*, No. 19-CV-0781-BHL, 2022 WL 3354746, at *1-2, *12-13 (E.D. Wis. Aug. 12, 2022) (hereafter "SJ Order").

**Plaintiffs' Proposed Jury Instruction No. 2**:
**VERDICT BASED SOLELY UPON EVIDENCE/SET ASIDE SYMPATHY, PREJUDICE/BE AWARE OF UNCONSCIOUS BIAS**

Your decision must be based solely on the evidence. Do not let sympathy, prejudice, fear, or public opinion influence you. We all have feelings, assumptions, perceptions, fears, and stereotypes about others. Some biases we are aware of; you must set these aside in your work as jurors. But all of us also have biases that we might not be fully aware of. These are called "implicit biases" or "unconscious biases." Because we are less aware of those biases, they may be harder to set aside.

# Exhibit D

Our biases often affect how we act, favorably or unfavorably, toward someone. Bias can affect our thoughts, how we remember, what we see and hear, whom we believe or disbelieve, and how we make important decisions. As jurors you are being asked to make very important decisions in this case. You must resist jumping to conclusions or reaching a verdict that is influenced by bias for or against any party or witness. When evaluating the evidence and testimony throughout the trial, you should think about whether any of your judgments may have been influenced by bias, asking yourself whether you might reach a different conclusion if a party, witness, or lawyer were a member of a different group. Being thoughtful about our biases may help us overcome them.

AUTHORITY

*Barnes v. Wis. Dep't of Corr.*, No. 18-cv-00105-jdp, Introductory Jury Instr. (Doc. 82) at 3 (W.D. Wis. Jan. 8, 2020) (attached); Illinois Pattern Civil Jury Instruction 1.08.

**Plaintiffs' Proposed Jury Instruction No. 3**:
**FIRST AMENDMENT: FREEDOM OF EXPRESSION & ASSEMBLY IN GENERAL**

The First Amendment to the United States Constitution protects freedom of speech and the right of the people peaceably to assemble from infringement by government officials, including the police.

Whether and to what extent government officials can limit a person's right to free speech and assembly depends on the type of forum in which the speech or assembly takes place. In this case, the speech and assembly took place in what is known as a "traditional public forum," which is a place the public has typically used for assembly, communication, and debate.

In such a forum, the government's power to restrict expression and assembly is very limited. Police officers do not have a general authority to order people gathered for expressive purposes to "move on" or disperse. The government may not condition a person's right to stand on a public sidewalk on the whim of a police officer.

AUTHORITY

*Cornelius v. NAACP Legal Defense and Educational Fund, Inc.*, 473 U.S. 788, 800 (1985) (highest protection in public forum); *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45-47 (1983) (same); *Surita v. Hyde*, 665 F.3d 860, 869-70 (7th Cir. 2011). *United States v. Grace*, 461 U.S. 171, 177 (1983) (confirming that streets, sidewalks and parks are "public forums" where the government's ability to permissibly restrict expressive conduct is "very limited"); *Grayned v. City of Rockford*, 408 U.S. 104, 116–17 (1972) (same); *Shuttlesworth v. City of Birmingham*, 382 U.S. 87, 90 (1965) (no plenary authority to order dispersal); see also *State v. Werstein*, 60 Wis. 2d 668, 674, 211 N.W.2d 437, 440 (1973); *English v. City of Milwaukee*, SJ Order at 12.

# Exhibit D

**Plaintiffs' Proposed Jury Instruction No. 4**:
**FIRST AMENDMENT: CLEAR AND PRESENT DANGER TEST**
**FOR SUPPRESSING SPEECH OR ASSEMBLY**

In a traditional public forum, government officials, including police officers, cannot suppress a person's right to free speech or assembly unless the speech or assembly poses a "clear and present danger" of a riot, serious bodily injury or other "imminent lawlessness" that "rises far above public inconvenience, annoyance or unrest."

## AUTHORITY

*Edwards v. South Carolina,* 372 U.S. 229, 233, 235-37 (1963) (arrests after dispersal order "infringed the petitioners' constitutionally protected rights of free speech, free assembly, and freedom to petition for redress of their grievances," "unless [their conduct was] shown likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest.") (citations omitted); *Hess v. Indiana*, 414 U.S.105, 107-09 (1973) (clear and present danger); *Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969); *Cox v. Louisiana,* 379 U.S. 536, 547-51 (1965); *see also Cantwell v. Connecticut,* 310 U.S. 296 (1940); *Terminiello v. City of Chicago,* 337 U.S. 1, 4-5 (1949); *Gregory v. City of Chicago,* 394 U.S. 111 (1969).

**Plaintiffs' Proposed Jury Instruction No. 5:**
**FIRST AMENDMENT: DEGREE OF DANGER NECESSARY**
**TO JUSTIFY DISPERSAL OF SPEAKER OR ASSEMBLY**

When there is immediate danger to speakers and protesters, police officers may order dispersal of people assembling and expressing themselves, but only if necessary to prevent a riot or serious bodily injury to those gathered. The danger must rise far above public inconvenience, annoyance, unrest or even alarm to justify dispersal. And the dispersal must be truly *necessary* to prevent the danger of serious bodily injury or property damage.

The burden is on the police to prove that their actions suppressing speech or assembly were justified by a sufficiently imminent and serious danger.

## AUTHORITY

*Bell v. Keating*, 697 F.3d 445, 457 (7th Cir. 2012) ("dispersal orders against people exercising First Amendment rights" permissible only if "necessary" and "integral" to prevent "immediate danger" of "riot or serious bodily injury to those gathered"); *Edwards v. South Carolina*, 372 U.S. 229, 237 (1963) (danger must "rise far above public inconvenience, annoyance, or unrest.") (citations omitted); *Terminiello v. Chicago*, 337 U.S. 1, 4 (1949) ("the core function of free speech under our system of government is to invite dispute. It may indeed best serve its high purpose when it induces a condition of unrest, creates dissatisfaction with conditions as they are, or even stirs people to anger."); *United States v. Playboy Ent.Grp., Inc.*, 529 U.S. 803, 816 (2000) ("When the Government restricts speech, the Government bears the burden of proving the constitutionality of its actions."); *Id.* at 818 ("When First Amendment compliance is the point to

3

be proved, the risk of nonpersuasion – operative in all trials – must rest with the Government, not with the citizen.") (citations omitted); *see also* Wis. Stat. § 947.06(1), Wis. Stat. §947.06(3) (elements of unlawful assembly charge are: (1) an "assembly" that (2) "consists of three or more persons," (3) "causes such a disturbance of public order that it is reasonable to believe that the assembly will cause injury to persons or damage to property unless it is immediately dispersed," and (4) the person charged "intentionally" (5) "fails or refuses to withdraw from an unlawful assembly," (6) "which the person knows has been ordered to disperse."

### Plaintiffs' Proposed Jury Instruction No. 6:
### FIRST AMENDMENT: PROTECTION FOR RECORDING POLICE ACTIVITY

The First Amendment protects the right of people to observe and video record police activity and transmit information about such activity.

### AUTHORITY

*ACLU of Ill. v. Alvarez*, 679 F.3d 583, 599-600 (7th Cir. 2012) (statute that would prohibit recording police officers with a cell phone violated the First Amendment); *Gericke v. Begin*, 753 F.3d 1, 7 (1st Cir. 2014) ("the Constitution protects the right of individuals to videotape police officers performing their duties in public").

### Plaintiffs' Proposed Jury Instruction No. 7:
### FIRST AMENDMENT: PROTECTION FOR QUESTIONING OR CRITICISM OF POLICE OFFICERS.

The First Amendment protects verbal questioning, criticism, challenges and even profanity directed at police officers.

### AUTHORITY

*City of Houston v. Hill*, 482 U.S. 451, 461-64 (1987); *Payne v. Pauley*, 337 F.3d 767, 776 (7th Cir. 2003) (arguing with police officer cannot support arrest for resisting or obstructing, because "the First Amendment protects even profanity laden speech directed at police officers").

### Plaintiffs' Proposed Jury Instruction No. 8:
### FOURTH AMENDMENT: FALSE ARREST ELEMENTS

The Plaintiffs claim that Defendants falsely arrested them. To succeed on this claim, Plaintiffs must prove by a preponderance of the evidence that Defendants did not have probable cause to arrest them.

### AUTHORITY

Federal Civil Jury Instructions of the Seventh Circuit ("7th Cir PJI") 7.07 & committee comment a., omit the fact of arrest and action under color of law elements when they are undisputed.

# Exhibit D

**Plaintiffs' Proposed Jury Instruction No. 9:**
**FOURTH AMENDMENT: FALSE ARREST –**
**DEFINITION OF "PROBABLE CAUSE"**

Probable cause exists for an arrest if, at the moment the arrest was made, a reasonable person in the arresting officer's position would have believed that *the Plaintiff* had committed or was committing a crime. In making this decision, you should consider what the officers knew and the reasonably trustworthy information they had received.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that Defendant's belief was probably right.The fact that Plaintiff Jarrett English was not charged does not by itself mean that there was no probable cause at the time of his arrest but it can be considered as part of his false arrest claim. The fact that Plaintiff Benetria McGowan's ticket was dismissed does not by itself mean that there was no probable cause at the time of her arrest but it can be considered as part of her false arrest claim.]

AUTHORITY

7th Cir PJI 7.08; *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979); *Humphrey v. Staszak*, 148 F.3d 719, 728 (7th Cir. 1998); *Townsend v. Benya*, 287 F.Supp.2d 868, 874-75 (N.D. Ill. 2003) ("the jury should . . . be told the charges against Plaintiffs were dismissed, in order to avoid the possibility the jury may assume Plaintiffs were arrested and later found guilty.") So long as there is an instruction that advises the jury that the outcome of the trial is not relevant to the question of whether the officer had probable cause to arrest, evidence of acquittal may be admissible in a sec.1983 false arrest case. *See Borunda v. Richmond*, 885 F.2d 1384, 1387-88 (9th Cir. 1989) (with limiting instruction, plaintiff's acquittal admissible on issue of compensable attorney's fees incurred in defending against charges).]

**Plaintiffs' Proposed Jury Instruction No. 10:**
**FOURTH AMENDMENT: FALSE ARREST – PROBABLE CAUSE**
**MUST BE PARTICULARIZED TO PERSON, NOT COLLECTIVE**

The law does not recognize collective probable cause or guilt by association. Probable cause must be particularized to the individual being arrested. The fact that someone nearby may have committed a crime does not allow police officers to arrest anyone in the area. That plaintiffs may have been part of an assembly where some individuals had broken the law does not mean the police had probable cause to arrest the plaintiffs.

AUTHORITY

*English v. City of Milwaukee*, SJ Order at 10; *Ybarra v. Illinois*, 444 U.S. 85, 91 (1979); *United States v. Ellis*, 499 F.3d 686, 691 (7th Cir. 2007); *Fogarty v. Gallegos*, 523 F.3d 1147, 1158 (10th Cir. 2008) ("The defendants' arguments that the police had probable cause to arrest Fogarty rest only on characterizations of the protest in general, and not on evidence of Fogarty's

individual actions. The Fourth Amendment plainly requires probable cause to arrest Fogarty as an individual, not as a member of a large basket containing a few bad eggs. In other words, that Fogarty was a participant in an antiwar protest where some individuals may have broken the law is not enough to justify his arrest.").

**Plaintiffs' Proposed Jury Instruction No. 11**:
**FOURTH AMENDMENT: FALSE ARREST – NO PROBABLE CAUSE**
**TO ARREST FOR DISORDERLY CONDUCT, LOITERING,**
**PUBLIC DRINKING OR UNLAWFUL ASSEMBLY**

Plaintiff Benetia McGowan was charged with and Plaintiff Jarrett English was accused of disorderly conduct. However, I instruct you as a matter of law that the Defendants did not have probable cause to believe either Plaintiff had committed or was committing disorderly conduct.

Defendants have also suggested that officers may have had probable cause to arrest Plaintiff Jarrett English for loitering or public drinking. Again, I instruct you as a matter of law that Defendants did not have probable cause to believe Mr. English was loitering or engaged in public drinking.

There was also testimony about whether an unlawful assembly existed on August 30, 2016. I instruct you that there was no probable cause to arrest either Plaintiff for violation of any unlawful assembly statute or ordinance.

You will only need to decide whether the Defendants had probable cause to arrest the Plaintiffs for obstruction of a police officer.

AUTHORITY

*English v. City of Milwaukee*, SJ Order at 9-11 ("officers lacked the individualized probable cause necessary to justify arresting [English] for [(1) disorderly conduct, (2) public drinking, and (3) loitering]."); *Id.* at 11 ("Defendants' only remaining justification for arresting English, and their sole basis for arresting McGowan, is for *obstruction* of police officers in violation of Wis. Stat. § 946.41."); *Brinegar v. United States*, 338 U.S. 160, 175-76 (1949); *Anderer v. Jones*, 385 F.3d 1043, 1049 (7th Cir. 2004); *Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998); *Hughes v. Meyer*, 880 F.2d 967, 969-70 (7th Cir. 1989). See also *Smith v. Lamz*, 321 F.3d 680, 684 (7th Cir. 2003) ("The determination of probable cause is normally a mixed question of law and fact . . . but when 'what happened' questions are not at issue, the ultimate resolution of whether probable cause existed is a question of law . . . .").

**Plaintiffs' Proposed Jury Instruction No. 12:**
**FOURTH AMENDMENT: FALSE ARREST – PROBABLE CAUSE**
**ELEMENTS OF OBSTRUCTION.**

In order to have probable cause to arrest a person for resisting or obstructing an officer, defendants must have probable cause to believe each of the following elements:

(1) the person resisted or obstructed an officer

# Exhibit D

(2) the officer was acting in an official capacity
(3) the officer was acting with lawful authority
(4) the person knew that the officer was acting in an official capacity and with lawful authority and that the person's conduct would obstruct an officer

Only if the officers had probable cause to believe each of these elements may you find in favor of the defendants on the false arrest claims. In this case, there is no dispute the officers were acting in an official capacity and that plaintiffs knew that. So you must determine whether the officers were acting with lawful authority, whether they had probable cause to believe the plaintiffs' actions materially obstructed legitimate law enforcement efforts and whether defendants had probable cause to believe that plaintiffs knew the police dispersal orders were lawful and knew that their actions in response to those orders would actually obstruct.

## AUTHORITY

*English v. City of Milwaukee*, SJ Order at 11-12; Wis. JI—Criminal 1765 (2012); *State v. Young*, 2006 WI 98, 294 Wis. 2d 1, 717 N.W. 2d 729, 749; *State v. Hamilton*, 120 Wis.2d 532, 356 N.W.2d 169 (1984).

## Plaintiffs' Proposed Jury Instruction No. 13:
### FOURTH AMENDMENT: FALSE ARREST – PROBABLE CAUSE
### ELEMENTS OF OBSTRUCTION – LAWFUL AUTHORITY

You must first decide whether the arresting officers acted with "lawful authority" when they ordered the Plaintiffs to disperse. In a free society, police officers do not have unlimited authority to order citizens to "move on" or disperse. The government may not condition a person's right to stand on a public sidewalk on the "whim" of a police officer. The Constitution protects "the freedom to loiter for innocent purposes," the freedom to walk down the street, and the right to peaceably assemble on a public street or sidewalk.

These rights are not unqualified. When there is "immediate danger" to people in the area, police officers may order dispersal if necessary to "prevent a riot or serious bodily injury to those gathered."

You must decide whether the officers reasonably believed the situation on August 30, 2016, at the times and places where they ordered plaintiffs to disperse, involved sufficient immediate danger of riot or serious bodily injury to warrant the orders to the plaintiffs. If you decide that there was not such an immediate danger or that dispersal was not necessary to prevent a riot or serious bodily injury to those gathered, then the officers did not have lawful authority to order plaintiffs to disperse or move on, and you must find in favor of the plaintiffs on their false arrest claims.

## AUTHORITY

*English v. City of Milwaukee*, SJ Order at 12-13; *Shuttlesworth v. City of Birmingham*, 382 U.S. 87, 90-92 (1965); *see also State v. Werstein*, 60 Wis.2d 668, 672-73, 211 N.W.2d 437, 440 (1973) ("[T]o hold without limitation that any violation of a police command, whether or not

lawful, constitutes disorderly conduct would be patently violative of the Fourteenth Amendment."); *City of Chicago v. Morales*, 527 U.S. 41, 53 (1999); *Kolender v. Lawson*, 461 U.S. 352, 358 (1983); *City of Milwaukee v. Wroten*, 160 Wis.2d 207, 229-34, 466 N.W.2d 861, 869-72 (1991) (resisting or obstructing ordinance that encompassed verbal abuse and refusal to leave area held unconstitutional); *United States v. Grace*, 461 U.S. 171, 177 (1983) (confirming that streets, sidewalks and parks are "public forums" where the government's ability to permissibly restrict expressive conduct is "very limited"); *Grayned v. City of Rockford*, 408 U.S. 104, 116–17 (1972) (same); *Bell v. Keating*, 697 F.3d 445, 457 (7th Cir. 2012).

## Plaintiffs' Proposed Jury Instruction No. 14:
## FOURTH AMENDMENT: FALSE ARREST – PROBABLE CAUSE
## ELEMENTS OF OBSTRUCTION – MATERIALLY OBSTRUCTED

If you find the police officers *did* have probable cause to believe the situation involved sufficient immediate danger of riot or serious bodily injury to warrant the orders to the plaintiffs, you must then decide whether the officers had probable cause to believe that the plaintiffs' actions actually obstructed the police from preventing a riot or bodily injury.

The action justifying an arrest for obstruction cannot simply "inconvenience" the police officers. In order to justify an arrest for obstruction for not dispersing, the failure to immediately disperse must make a material difference in the officers' ability to prevent rioting or bodily injury.

You must decide whether defendants had probable cause to believe the plaintiffs actually disobeyed the officers' orders to disperse and that this disobedience actually made a difference in the officers' ability to prevent rioting or bodily injury. If you find that defendants did not have probable cause to believe that plaintiffs were disobeying police orders or did not have probable cause to believe that any disobedience would actually interfere with officers' ability to prevent a riot or bodily injury, you must find in favor of the plaintiffs on their false arrest claims.

### AUTHORITY

Wis. JI—Criminal 1765 (2012); *English v. City of Milwaukee*, SJ Order at 15-16; *Henes v. Morrissey*, 194 Wis.2d 338, 354, 533 N.W.2d 802, 808 (1995).

## Plaintiffs' Proposed Jury Instruction No. 15:
## FOURTH AMENDMENT: FALSE ARREST – PROBABLE CAUSE
## ELEMENTS OF OBSTRUCTION – PLAINTIFFS KNEW THEIR
## CONDUCT WOULD OBSTRUCT

If you find the police officers *did* have probable cause to believe that the plaintiffs' actions actually obstructed the police from preventing a riot or bodily injury, you must decide whether the police officers had probable cause to believe the Plaintiffs *knew* that the police orders were legitimate and that their actions in response would obstruct the police. If you find that the officers did not have probable cause to believe that Jarrett English knew that walking slowly away from the corner of Sherman and Auer would obstruct police efforts to prevent a riot or bodily injury, you must find for Plaintiff English on his false arrest claim. If you find the officers did not have probable cause to believe that Benetria McGowan knew that asking questions of

police officers for 30 seconds would obstruct police efforts to prevent a riot or bodily injury, you must find for Plaintiff McGowan on her false arrest claim.

AUTHORITY

Wis. J I—Criminal 1765 (2012); Wis. Stat. § 946.41(1); *State v. Elbaum*, 54 Wis. 2d 213, 218, 194 N.W.2d 660 (1972) ("The crime of resisting an officer requires proof that the defendant knew or believed he was resisting or obstructing the officer while the officer was acting in his official capacity with lawful authority."); *State v. Hamilton*, 120 Wis. 2d 532, 541, 356 N.W.2d 169, 174 (1984); *State v. Caldwell*, 154 Wis. 2d 683, 689–90, 454 N.W.2d 13, 16 (Ct. App. 1990) *Brunner v. McKillip*, 488 F. Supp. 2d 775 (W.D. Wis. 2007); *State v. Christensen*, 100 Wis. 2d 507, 302 N.W.2d 448 (1981)

**Plaintiffs' Proposed Jury Instruction No. 16:**
**FOURTH AMENDMENT: EXCESSIVE FORCE**

Plaintiffs claim that Defendants used excessive force against them. To succeed on these claims, Plaintiffs must prove that the Defendants used unreasonable force in arresting them.

In performing their jobs, police officers can use force that is reasonably necessary under the circumstances. In deciding whether Defendants used unreasonable force, you should consider all of the circumstances. Circumstances you may consider include the need for the use of force, the relationship between the need for the use of force and the amount of force used, the extent of the plaintiff's injury, any efforts made by the defendant to temper or limit the amount of force, the severity of the crime at issue, the threat reasonably perceived by the officers, and whether the plaintiff was actively resisting arrest or was attempting to evade arrest by fleeing, but you are not limited to these circumstances.

When an illegal arrest results in physical touching and other indignities that would be permissible in a lawful arrest, any physical contact may constitute excessive force. The Plaintiffs are not required to show any harm from the application of force, although the extent of any injury may be relevant to determining the amount of force used.

You must decide whether Defendants' use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that Defendants faced. You must make this decision based on what the officer knew at the time of the use of force, not based on matters learned after the use of force. In deciding whether the officers' use of force was unreasonable, you must not consider whether their intentions were good or bad.

AUTHORITY

7th Cir PJI 7.09, 7.10; *McAllister v. Price*, 615 F.3d 877, 882 (7th Cir. 2010) ("Injury is not an element of an excessive-force claim; rather, it is evidence of the degree of force imposed and the reasonableness of that force."); *Herzog v. Village of Winnetka*, 309 F.3d 1041, 1043-44 (7th Cir. 2002) (any forcible arrest can "cross the constitutional threshold," and that a plaintiff "need not establish serious injury" to prevail on an excessive force claim); *see also Rambo v. Daley*, 68 F.3d 203, 207 n.2 (7th Cir. 1995); *Bolin v. Black*, 875 F.2d 1343 (8th Cir. 1989); *Bender v.*

# Exhibit D

*Brumley*, 1 F.3d 271 (5th Cir. 1993) (en banc). "[W]hen an illegal arrest sets off a chain of indignities inflicted on the hapless victim, including offensive physical touchings that would be privileged if the arrest were lawful, she is entitled to obtain damages for these indignities . . . ." *Herzog*, 309 F.3d at 1044.

### Plaintiffs' Proposed Jury Instruction No. 17:
### LIABILITY OF MUNICIPALITY

If you find that Plaintiffs have proved a constitutional violation by a preponderance of the evidence, you must consider whether the City of Milwaukee is also liable.

The City is not responsible simply because it employed Officers Brock, Wallich, Ghassoul and Wilkiewicz. To succeed in establishing the City's liability, Plaintiffs must prove by a preponderance of the evidence:

    1.    Officers suppressed their First Amendment right to assemble or speak, their Fourth Amendment right to be free from false arrest or their Fourth Amendment right to be free from the use of excessive force, as I have previously defined those rights.

    2.    At the time, the City had a policy of issuing unjustified dispersal orders and making arrests of people who did not immediately comply without probable cause to believe those people had committed or were committing a crime.
    The term "policy" means: A decision or statement or directive made by Chief Edward Flynn or Assistant Chief James Harpole, who are policy making officials of the City of Milwaukee.

and

    3.    The policy caused the violations of Plaintiffs' constitutional rights.

### AUTHORITY

7th Cir PJI 7.24.

### Plaintiffs' Proposed Jury Instruction No. 18:
### LIABILITY OF SUPERVISOR

To succeed on their false arrest claims against Defendant James Harpole, Plaintiffs must prove each of the following things by a preponderance of the evidence:

    1. Officers Brock, Ghassoul and/or Wilkiewicz falsely arrested Plaintiff Jarrett English and/or Officers Wallich and/or Ghassoul falsely arrested Plaintiff McGowan;

    2. Assistant Chief Harpole directed officers to carry out a broad dispersal action, with a predetermined intent that they make arrests even in the absence of probable cause, or knowing that officers were likely to do so and condoned or purposely ignored the likelihood of false arrests; and

    3. As a result, Plaintiff was injured.

If you find that either or both Plaintiffs have proved each of these things by a preponderance of the evidence with respect to their arrests, then you must find Defendant Harpole liable for that Plaintiff's or those Plaintiffs' arrests.

If, on the other hand, you find either or both Plaintiffs have failed to prove any one of these things by a preponderance of the evidence with respect to their arrests, then you must decide Defendant Harpole is not liable for that Plaintiff's or both Plaintiffs' arrests.

## AUTHORITY

7th Cir PJI 7.23 (liability of supervisor); *English v. City of Milwaukee*, SJ Order at 16-17; *See also Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *Kernats v. O'Sullivan*, 35 F.3d 1171, 1182 (7th Cir. 1994); *Rascon v. Hardiman*, 803 F.2d 269, 273-74 (7th Cir. 1986).

### Plaintiffs' Proposed Jury Instruction No. 19:
### DAMAGES: COMPENSATORY DAMAGES

If you find in favor of Plaintiffs on one or more of their claims, then you must determine the amount of money that will fairly compensate Plaintiffs for any injury that you find they sustained and are reasonably certain to sustain in the future as a direct result of their false arrests, use of force or suppression of their rights to freedom of speech and assembly.

Plaintiffs must prove their damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

    a. The physical and mental and emotional pain and suffering, as well as any disability that Plaintiffs have experienced and are reasonably certain to experience in the future. No evidence of the dollar value of physical or mental and emotional pain and suffering or disability has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiffs for the injuries they have sustained.

    b. The reasonable value of medical and mental health care and medicines or supplies that Plaintiffs reasonably needed and actually received as well as the present value of the care and supplies that they are reasonably certain to need and receive in the future.

    c. The wages, salary, profits, and earning capacity that Plaintiffs have lost and the present value of the wages, salary, profits, and earning capacity that Plaintiffs are reasonably certain to lose in the future because of their diminished ability to work.

When I say "present value," I mean the sum of money needed now which, together with what that sum may reasonably be expected to earn in the future, will equal the amounts of those monetary losses at the times in the future when they will be sustained.

AUTHORITY

7th Cir PJI 7.26; *Henderson v. Sheahan*, 196 F.3d 839, 849 (7th Cir. 1999) ("Damages may not be awarded on the basis of mere conjecture or speculation; a plaintiff must prove that there is a reasonable certainty that the anticipated harm or condition will actually result in order to recover monetary compensation."); *Horina v. City of Granite City*, 538 F.3d 624, 637 (7th Cir. 2008) (difficulty in arriving at amount does not preclude damage award).

**Plaintiffs' Proposed Jury Instruction No. 20:
DAMAGES: PUNITIVE DAMAGES**

If you find for either or both Plaintiffs, you may, but are not required to, assess punitive damages against some or all of the Defendants. The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to a Defendant and others not to engage in similar conduct in the future.

Plaintiffs must prove by a preponderance of the evidence that punitive damages should be assessed against a Defendant. You may assess punitive damages only if you find that a defendant's conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Defendant simply did not care about Plaintiff's rights or safety.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party.

In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendants' conduct;
- the impact of Defendants' conduct on Plaintiffs;
- the relationship between Plaintiffs and Defendants;
- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;
- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

# Exhibit D

AUTHORITY

7th Cir PJI 7.28