IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

BENETRIA McGOWAN and
JARRETT ENGLISH,

                Plaintiffs,

-vs-                                               Case No. 19 CV 781

CITY OF MILWAUKEE, et al.,

                Defendants.

---

**PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE ALL NEWS MEDIA REPORTS AS WELL AS VIDEO AND PHOTO EVIDENCE OF RIOTING, PROTESTS, AND GENERAL CIVIC UNREST RECORDED PRIOR TO AUGUST 30, 2016**

---

### INTRODUCTION

      Pursuant to the Federal Rules of Evidence "FRE" 801 - 803, 805, 401, 402 and 403, Plaintiffs Benetria McGowan and Jarrett English move to exclude from evidence all media reports, including but not limited to all newspaper articles and television and radio news reports, purporting to describe rioting, protests, and general civil unrest in the Sherman Park neighborhood prior to August 30, 2016. This request aims to exclude, Defense Exhibits A1-7 (Dkt Nos. 59-1 – 59-7) and any other news media reports that Defendants propose to submit. Plaintiffs also move to exclude any visual or audiovisual depictions of such conduct from any source.

      The contents of media reports are hearsay not within an exception under FRE 801 – 803 and 805. These reports, as well as any images and video of the rioting in the days after the police

1

killing of Sylville Smith, are also irrelevant under Rule 401 to the "dispositive question" of whether there was probable cause to arrest Plaintiffs for obstruction of justice (Dkt. No. 97 at 11-12), and in any event, any limited probative value is substantially outweighed by the danger that such evidence will result in unfair prejudice, mislead and confuse the jury, and would be cumulative under Rule 403.

## ARGUMENT

### I. MEDIA REPORTS AND NEWSPAPER ARTICLES ARE HEARSAY AND ARE INADMISSIBLE UNDER FEDERAL RULES OF EVIDENCE 801-803 and 805.

It is well-established that newspaper articles and other media reports are generally out-of-court statements offered for the truth of the matter asserted, and therefore are inadmissible hearsay. *See Chicago Firefighters Local No. 2 v. City of Chicago*, 249 F.3d 649, 654 (7th Cir. 2001) (newspaper articles are inadmissible hearsay when offered to prove the contents of the article); *Eisenstadt v. Centel Corp.*, 113 F.3d 738 (7th Cir. 1997). Not only are newspaper articles and media reports generally considered hearsay under FRE 801(c)(2) when offered for the truth of the matter asserted, but they also frequently include hearsay within hearsay under FRE 805. *See Green v. Baca*, 226 F.R.D. 624, 637–38 (C.D. Cal. 2005), *order clarified*, No. CV 02-204744MMMMANX, 2005 WL 283361 (C.D. Cal. Jan. 31, 2005) (stating even when the actual statements quoted in a newspaper article constitute nonhearsay, or fall within a hearsay exception, their repetition in the newspaper creates a hearsay problem). *See also Larez v. Los Angeles*, 946 F.2d 630, 642 (9th Cir.1991)) ("As the reporters never testified nor were subjected to cross-examination, their transcriptions of Gates's statements involve a serious hearsay problem").

Defendants plan to introduce media reports, videos, and/or photos depicting the rioting and unrest in Milwaukee's Sherman Park neighborhood in the aftermath of Sylville Smith's shooting to prove that there was rioting and unrest. In their summary judgement brief, Defendants submitted news articles (Dkt. Nos. 59 -1-59-7) which are out of court statements offered to prove that "an August 13, 2016 shooting incident involving a Milwaukee police officer, which occurred in the area of Sherman Park in the City of Milwaukee…triggered weeks of rioting, protests, and general civil unrest in the area." (ellipsis added)(Dkt. No. 59 ¶ 3); Dkt. No. 58 ¶ ¶ 1-2). Thus, by their own admission, this evidence would be offered to prove the truth of the matter asserted—that there were "weeks of rioting, protests, and general civil unrest in the area."

Most of the articles submitted in Defendants exhibits (Dkt. Nos. 59 -1-59-7), along with all other media reports on the same subject, contain hearsay within hearsay under FRE 805. The reports quote various witnesses and officials, who are not party-opponents, are not testifying at trial, and are not subject to cross-examination. Defendants cannot overcome this quintessential hearsay-within-hearsay problem. See *Stollings v. Ryobi Technologies, Inc*. 725 F.3d 753, 761 (7th Cir. 2013) (holding that a newspaper article reporting a person's statement is inadmissible hearsay when offered to prove that the person made the statement) (This is classic hearsay: an out-of-court statement offered to prove its truth—that is, that Gass made the statement.")

None of the hearsay exceptions or exemptions apply to these media reports, photos, or videos. These media reports do not contain statements from Plaintiffs, do not fall within the category of statements that are not hearsay under Rule 801(d), nor do they fall within the exceptions listed in Rule 803.

3

## II. NEWSPAPER ARTICLES, MEDIA REPORTS, VIDEO OR VISUAL IMAGES OF RIOTING, PROTESTS, AND GENERAL CIVIL UNREST AND ITS AFTERMATH PRIOR TO AUGUST 30TH, 2016 ARE IRRELEVANT TO THE REMAINING ISSUES IN THE CASE AND ARE INADMISSIBLE UNDER FEDERAL RULES OF EVIDENCE 401, 402 and 403.

Even if the news reports and images of the rioting in the first two or three days after the Sylville Smith shooting were subject to a hearsay exception, they should be excluded because they are irrelevant or any limited relevance is substantially outweighed by the risk of misleading or prejudicing the jury. Under FRE 401, evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Under FRE 402, irrelevant evidence is inadmissible. Media reports including video, photographs, or other images of riots, violence or unrest and their aftermath before August 30th, the date when Plaintiffs Benetria McGowan and Jarret English were unlawfully arrested by Milwaukee police officers, does not make it more probable that the officers reasonably believed the situation in Sherman Park *on August 30th* involved sufficient "immediate danger" to warrant the sweeping dispersal actions they carried out. (Dkt. No. 97-13.) Defendants admit that the "large-scale property damages and violence ceased after the first few days" after August 13, 2016 when Mr. Smith was killed. (Dkt. No. 97-3.) Offering evidence from as many as 17 days prior to the arrests of Benetria McGowan and Jarrett English and dispersal orders at issue in this case, is irrelevant to demonstrating the immediate danger required to issue a dispersal order and is therefore inadmissible.

Offering this type of evidence also does not make it more probable that the officers had sufficient probable cause for obstruction under Wis. Stat. § 946.41, the only remaining justification for arresting Plaintiffs English and McGowan (Dkt. No. 97-11.).

4

Media reports, videos, and images of rioting, protests, and general unrest also are inadmissible because their limited probative value would be outweighed by the danger of unfair prejudice to the Plaintiffs, and it would duplicate testimony that the many officers, who were at the scene, can offer. FRE 403 permits the court to exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. According to FRE 403 advisory notes (1972), "[u]nfair prejudice" means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.

Any probative value of using visual evidence of rioting on days outside of August 30th, is substantially outweighed by the danger of unfair prejudice. See *United States v. Washington*, No. 16-CR-477, 2017 WL 3642112, at *5 (N.D. Ill. Aug. 24, 2017), *aff'd,* 962 F.3d 901 (7th Cir. 2020) (finding that the YouTube video at issue was "irrelevant to the Government's purpose and likely to be unfairly prejudicial and confuse the issues that the jury must decide".)

First, any visual evidence of damage, unrest, riots and violence prior to August 30th has limited or no probative value. There is no evidence that the Plaintiffs were involved in any of the rioting, protests, or unrest, prior to August 30th, reported in the media. Likewise, such evidence does not relate to the police officer's justifications for arresting the Plaintiffs.

Second, this evidence would have a substantial and unfair prejudice to the Plaintiffs. Reliance on such graphic images and descriptions of riots and violence, which are unrelated to any actions of the Plaintiffs, amounts to an appeal to the jury to improperly decide the case based on emotion and individual viewpoints about protests and policing, rather than upon a dispassionate assessment of the facts of this case. It would also unfairly prejudice jurors against

5

the Plaintiffs, who were peacefully engaged in protected assembly and expression by impliedly arguing guilt by association. This evidence would only serve to mislead and inflame the jury by eliciting an emotional response that is irrelevant to the core issues of the case.

Finally, this evidence would needlessly present cumulative evidence as there are officers who are able to testify to their own experience of what they saw in the days before August 30th, 2016. The district court "retains considerable latitude even with admittedly relevant evidence in rejecting that which is cumulative, and in requiring that which is to be brought to the jury's attention to be done so in a manner least likely to confuse that body." *Thompson v. City of Chicago*, 722 F.3d 963, 971 (7th Cir. 2013) (citing *Hamling v. United States,* 418 U.S. 87, 127, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974)). The Defendants and other Milwaukee police officers called as witnesses have the ability to testify to the fact that the "the shooting triggered weeks of rioting, protests and general civil unrest" (Dkt. No. 58 ¶ 2) without inadmissible media reports, newspaper articles, or prejudicial video and images that occurred before August 30th. "Litigants are not entitled to burden the court with an unending stream of cumulative evidence." *Thompson v. City of Chicago*, 722 F.3d 963, 971 (7th Cir. 2013) (citing *MCI Commc'ns Corp. v. AT & T Co.,* 708 F.2d 1081, 1171 (7th Cir.1983)) and admitting evidence that includes multiple media reports, news articles, videos and photographs would be cumulative to testimony that will undoubtedly be presented to the jury.

## **CONCLUSION**

It is for the aforementioned reasons that Plaintiffs respectfully request that the Court grant this motion.

AMERICAN CIVIL LIBERTIES UNION OF WISCONSIN FOUNDATION and
A. STEVEN PORTER

6

Case 2:19-cv-00781-BHL   Filed 06/20/23   Page 6 of 7   Document 121

AMERICAN CIVIL LIBERTIES UNION OF
WISCONSIN FOUNDATION, INC.
By: /s/ Emma Smith Shakeshaft

R. Timothy Muth
State Bar No. 1010710
Emma Shakeshaft
State Bar No. 1092046
Laurence J. Dupuis
State Bar No. 1029261
Christine Donahoe
State Bar No. 1092282
*Attorneys for Plaintiffs*
207 E. Buffalo Street, Room 325
Milwaukee, Wisconsin 53202
(414) 272-4032
(414) 272-0182 (fax)
cdonahoe@aclu-wi.org
ldupuis@aclu-wi.org
eshakeshaft@aclu-wi.org
tmuth@aclu-wi.org

A. Steven Porter
State Bar No. 1000195
*Attorney for Plaintiffs*
P.O. Box 7093
Madison, Wisconsin 53707
(608) 662-2285
(608) 819-6466 (fax)
asp5949@gmail.com

7