IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

BENETRIA McGOWAN and
JARRETT ENGLISH,

                      Plaintiffs,

-vs-                                                  Case No. 19 CV 781

CITY OF MILWAUKEE, et al.,

                      Defendants.

---

## PLAINTIFFS' MOTION IN LIMINE TO SHOW PROSPECTIVE JURORS A VIDEO ABOUT UNCONSCIOUS BIAS

---

### INTRODUCTION

Plaintiffs, by their undersigned counsel, respectfully request that this court permit presentation of a video prepared by the United States District Court for the Western District of Washington, to prospective jurors at the beginning of voir dire in the trial of the above-captioned matter. The video is available at http://www.wawd.uscourts.gov/jury/unconscious-bias.

"'Implicit bias, or stereotyping, consists of the unconscious assumptions that humans make about individuals'. *United States v. Mateo-Medina*, 845 F.3d 546, 553 (3d Cir. 2017). While implicit bias may play a particularly large role in situations requiring 'rapid decision-making, such as police encounters', *id.*, it can also affect legal decision-making by jurors." 5A West's Fed. Forms, District Courts-Criminal § 90:57(6th ed.); See Judge Mark W. Bennett, *Unraveling the Gordian Knot of Implicit Bias in Jury Selection: The Problems of Judge-Dominated Voir Dire, the Failed Promise of Batson, and Proposed Solutions*, 4 HARV. L. & POL'Y REV. 149 (2010) (available at https://harvardlpr.com/wp-

1

content/uploads/sites/20/2013/05/4.1_8_Bennett.pdf). "A probing voir dire examination is the best way to ensure that jurors do not harbor biases for or against the parties." *Sampson v. U.S.*, 724 F.3d 150, 163–64 (1st Cir. 2013) (internal citation omitted). Increasingly, state and federal courts across the country have adopted voir dire procedures intended to counteract the negative impacts of implicit bias by educating jurors and increasing their motivation to evaluate the evidence objectively, free from implicit bias.[1] 5A West's Fed. Forms, District Courts-Criminal § 90:57(6th ed.).

Accordingly, Plaintiffs request that the Court exercise its broad discretion over matters related to jury selection and instruction in order to limit the impact of unconscious bias on the trial by arranging to have the unconscious bias video presented to prospective jurors during voir dire.

## ARGUMENT

### I. VIDEOS AND JURY INSTRUCTIONS ADDRESSING UNCONSCIOUS BIAS ARE USED ACROSS THE COUNTRY

The unconscious bias video is routinely used by the United States District Court for the Western District of Washington and parts of the video have been used in the Northern District of California as well (available at https://www.cand.uscourts.gov/attorneys/unconscious-bias-video-for-potential-jurors/ at 11:30). The proposed video was also used in *United States v. Walters*, No. 3:20-CR-89 (JAM), 2022 WL 1498247, at *2, n.4 (D. Conn. May 12, 2022) ( "the panel watched the video that is posted to the website of the U.S. District Court for the Western District of Washington")(url omitted); *United States v. Ramadan*, No. 17-20595, 2021 WL 2895668 (E.D.

---

[1] Other courts have created their own version of an unconscious bias video, including New Jersey State Courts Juror Impartiality Video available at https://www.youtube.com/watch?v=G8z9cjsyzgU and the Oregon Judicial Department's video titled "Understanding the Effect of Unconscious Bias" available at https://www.courts.oregon.gov/courts/lane/jury/pages/video-gallery.aspx.

Mich. July 9, 2021); *United States v. Haynes*, No. 19CR02501WMWECW, 2021 WL 3186154, at *7 (D. Minn. July 28, 2021); *United States v. Huerta-Zuniga*, No. 2:20-CR-00122-DCN, 2021 WL 2109188, at *5–6 (D. Idaho May 25, 2021), among others.

Similarly, court systems and individual courts have increasingly adopted jury instructions that identify and instruct jurors to consider the possibility of unconscious bias affecting their decision-making and finding that common voir dire questions are "inadequate to address implicit bias in jury determinations." Judge Mark W. Bennett, *Unraveling the Gordian Knot of Implicit Bias in Jury Selection: The Problems of Judge-Dominated Voir Dire, the Failed Promise of Batson, and Proposed Solutions*, 4 HARV. L. & POL'Y REV. 149, 169, n.85 (2010) (citing the jury instruction used by the Honorable Judge Bennet in the U.S. District Court for the Northern District of Iowa); *See* Illinois Pattern Civil Jury Instruction 1.08 (available at https://www.illinoiscourts.gov/resources/d28c859b-ce8c-4ff2-81bb-00bb0934e6d2/file, 20-21); *See also* New Jersey Courts' jury reforms (available at https://www.njcourts.gov/sites/default/files/notices/2022/08/n220829a.pdf); See also United States District Court Western District of Washington Criminal Jury Instructions – Unconscious bias (available at https://www.wawd.uscourts.gov/sites/wawd/files/CriminalJuryInstructions-ImplicitBias.pdf); See also Dkt. 120-5 (*Barnes v. Wis. Dep't of Corr.*, No. 18-cv-00105-jdp, Introductory Jury Instr. (Doc. No. 82) at 3, 2020 WL 94799, at *1 (W.D. Wis. Jan. 8, 2020).

## II. CIVIL LITIGANTS ARE ENTITLED TO A TRIAL BY AN UNBIASED JURY.

While some of these videos and jury instructions reference defendants and criminal cases, "civil and criminal litigants are equally entitled to a trial by an unbiased jury," and the right to a trial by an unbiased jury is not limited to those accused of committing crimes. *Henderson v.*

*Thompson,* 200 Wash. 2d 417, 434, 518 P.3d 1011, 1023 (2022). "[A]llowing bias or prejudice by even one juror to be a factor in the verdict violates a defendant's [or a plaintiff's] constitutional rights and undermines the public's faith in the fairness of our judicial system." *Id.* at 1022 (bracketed language in original; citing *State v. Berhe*, 193 Wash. 2d 647, 657, 444 P.3d 1172, 1178 (2019)). "Whether explicit or implicit, purposeful or unconscious, racial bias has no place in a system of justice." *Id.* at 16. Therefore, targeted voir dire is an essential component to addressing implicit bias in both civil and criminal cases.

A core issue remaining in this case after summary judgment is whether the police officers had probable cause to arrest Benetria McGowan or Jarrett English, both of whom identify as Black, for obstructing an officer under Wis. Stat. § 946.41 (Dkt. 97 at 11-12). "Since the mid-twentieth century, social scientists have uncovered empirical evidence of negative attitudes toward African Americans as well as stereotypes about their being violent and criminal. Those biases persist today, as measured by not only explicit but also implicit instruments." Jerry Kang et.al, *Implicit Bias in the Courtroom*, 59 UCLA L. REV 1124,1136 (2009) (available at https://law.ucla.edu/sites/default/files/PDFs/Academics/%2BwWQYDRt.pdf); See also *United States v. Mateo-Medina,* 845 F.3d 546, 553 (3d Cir. 2017) ("extensive research has shown that in such situations the vast majority of Americans of all races implicitly associate black Americans with adjectives such as 'dangerous,' 'aggressive,' 'violent,' and 'criminal'").

Not unlike the inquiry in criminal cases, the jury in this case must evaluate whether Milwaukee police officers had adequate evidence of unlawful behavior, making it even more important that the jury receive education on unconscious bias.

The video requested is a tool, prepared and used by the district court in the Western District of Washington, to address the issue of unconscious bias to ensure a fairer trial for all

involved. The video addresses many different kinds of unconscious bias and encourages jurors to acknowledge and confront their own biases. It would be an important aid in the present case not only because both Benetria McGowan and Jarrett English are Black but also because of the surrounding context of this case. The protest and mourning that took place at the memorial on August 30, 2016, occurred because of the police shooting of a Black Milwaukee resident, Sylville Smith. Race has a persistent, though implicit, presence in this case and as a result, it is important that conscious and unconscious bias be addressed with all potential jurors.

Research has found that racial bias can be most prominent and impactful when racial issues are not an explicit issue at trial. See Samuel R. Sommers and Phoebe C. Ellsworth, *'Race Salience' in Juror Decision-making: Misconceptions, Clarifications, and Unanswered Questions*. 27:4 BEHAV. SCI. & L. 599, 608 (2009) (finding that "[w]hite mock jurors are more likely to be biased by a defendant's race in cases in which race remains a silent background issue at trial than in cases in which the nature of the trial emphasizes race as a central issue," available at https://repository.law.umich.edu/cgi/viewcontent.cgi?article=2963&context=articles). Even when there are no explicit racial claims, such as equal protection claims, there can be important racial context to consider, as in this case, where a party, or important witnesses are persons of color.

The education of jurors on unconscious bias is important for all parties. Voir dire is designed to identify explicit bias, but implicit bias is more difficult to explain and identify. Jury education should include a description of what implicit bias is and how it impacts the jurors' responsibilities so jurors become motivated to explore their own objectivity and check against implicit bias. Jerry Kang et.al, *Implicit Bias in the Courtroom*, 59 UCLA L. REV 1124, 1181-

5

Case 2:19-cv-00781-BHL    Filed 06/20/23    Page 5 of 7    Document 122

1182 (2009). It should also include what actions can be taken by a juror to manage unconscious bias. This video achieves these goals.

The proposed video is brief, approximately 11 minutes, and it has the endorsement of the federal judiciary in Washington state. The United States District Court Western District of Washington has granted us permission to use this video in the attached email labeled Ex.1.

## **CONCLUSION**

WHEREFORE, Plaintiffs respectfully move this Court to include this video of unconscious bias in the voir dire process to promote the goal of empaneling a fair and unbiased jury for all parties and will also assist with the efficiency of voir dire on the issue of bias.

Dated this 20th day of June, 2023.

    AMERICAN CIVIL LIBERTIES UNION OF WISCONSIN FOUNDATION and
    A. STEVEN PORTER

    AMERICAN CIVIL LIBERTIES UNION OF
    WISCONSIN FOUNDATION, INC.
    By:    /s/ Emma Smith Shakeshaft

    R. Timothy Muth
    State Bar No. 1010710
    Emma Shakeshaft
    State Bar No. 1092046
    Laurence J. Dupuis
    State Bar No. 1029261
    Chris Donahoe
    State Bar No. 1092282
    *Attorneys for Plaintiffs*
    207 E. Buffalo Street, Room 325
    Milwaukee, Wisconsin 53202
    (414) 272-4032
    (414) 272-0182 (fax)
    cdonahoe@aclu-wi.org
    ldupuis@aclu-wi.org
    eshakeshaft@aclu-wi.org
    tmuth@aclu-wi.org

A. Steven Porter  
State Bar No. 1000195  
*Attorney for Plaintiffs*  
P.O. Box 7093  
Madison, Wisconsin 53707  
(608) 662-2285  
(608) 819-6466 (fax)  
asp5949@gmail.com

7