IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

BENETRIA McGOWAN and
JARRETT ENGLISH,

                Plaintiffs,

-vs-                                          Case No. 19-CV-781

CITY OF MILWAUKEE, et al.,

                Defendants.

## PLAINTIFFS' RESPONSES TO DEFENDANTS' MOTIONS IN LIMINE

Plaintiffs hereby respond to Defendants' Motions *in limine*.

### I. Golden Rule Arguments

Plaintiffs do not object to Defendants' request to exclude Golden Rule arguments.

### II. Argument that Jury Should Send a Message to the City of Milwaukee

Plaintiffs do not object to Defendants' request to exclude argument that the jury should send a message *to the City of Milwaukee*, because municipalities are not liable for punitive damages under § 1983. However, Plaintiffs may be entitled to punitive damages from officers in their individual capacities. *See Kunz v. DeFelice*, 538 F.3d 667 (7th Cir. 2008) (upholding award of punitive damages against an officer). Therefore, it is permissible to ask the jury to award punitive damages against the individual Defendants to "send a message," or in other words, to deter these police officers, police officers in general, or officers of the Milwaukee Police Department from violating the rights of others in the future. *See* Seventh Cir. Pattern Jury Instr. 7.28 ("The purposes of punitive damages are to punish a defendant for his or her conduct and to *serve as an example or warning to a Defendant and others not to engage in similar conduct* in the future.") (emphasis added).

1

### III. Evidence of Special Damages to English

Defendants have moved this Court to exclude certain evidence regarding the damages suffered by plaintiff English as a result of his unlawful arrest. To the extent that Defendants seek to exclude only evidence of "special damages" in the form of past or future medical expenses or lost wages for Mr. English, Plaintiffs do not intend to introduce such evidence for Mr. English and do not oppose the motion.

To the extent Defendants' motion can be read to seek to exclude other testimony regarding Mr. English's damages, such as his emotional distress and physical and mental suffering, the motion must fail. The Seventh Circuit jury instruction describing the elements of compensatory damages in a section 1983 case makes this clear:

> The physical and mental and emotional pain and suffering, as well as any disability that Plaintiffs have experienced and are reasonably certain to experience in the future. No evidence of the dollar value of physical or mental and emotional pain and suffering or disability has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiffs for the injuries they have sustained.

Seventh Circuit Pattern Jury Instructions – Civil, 7.26; *see also Freeman v. Franzen*, 695 F.2d 485, 493 (7th Cir. 1982) ("Physical injury as well as intangible injuries, such as pain and suffering, personal humiliation, mental distress, and embarrassment are compensable injuries under Section 1983."); *Tate v. Troutman*, 683 F. Supp.2d 897, 908 (E.D. Wis. 2010) (describing various forms of compensatory damages awardable under section 1983).

### IV. Code of Silence Evidence, Argument, Innuendo

Plaintiffs do not intend to introduce evidence, argument, or innuendo of a "Code of Silence" among officers, to the extent that refers to a generalization that police officers lie, conspire, cover up, hide, or otherwise maintain a code of silence to protect fellow officers. However, Plaintiffs must be permitted to impeach or otherwise question the credibility of individual witnesses, including officers. Moreover, should evidence emerge at trial that officers in this case did, in fact, agree to concoct a story to justify their actions in this case,

Plaintiffs must be permitted to argue that such an agreement undermines Defendants' credibility.

## V. Reference to Violation of Police Department Rules, Policies, Regulations, or General Orders

Plaintiffs do not object to Defendants' request to exclude reference to *violations* of police department rules, policies, regulations, or general orders or argument that any such violations would constitute a violation of Plaintiffs' constitutional rights. However, Plaintiffs may introduce such rules or their content for purposes other than demonstrating violation of those rules. Plaintiffs also note that Defendants have requested a standard limiting jury instruction (Seventh Cir. Pattern Civil J.I. 7.04) that permits evidence of compliance with or violation of rules and policies, but advises the jury that such compliance with or violation of rules does not prove the Defendant complied with or violated *the Constitution*. (Dkt. 119-1 at 33.)

## VI. Evidence of Unrelated Police Misconduct

Plaintiffs do not object to Defendants' request to exclude evidence of police misconduct *unrelated to the misconduct alleged in this case*, whether by Defendants, other police personnel, and/or law enforcement in general, including other lawsuits. Plaintiffs will, however, introduce evidence related to the internal affairs investigation into the arrest of Jarrett English and Jonathan Brostoff. Such relevant information about the facts of this case does not constitute the sort of "propensity evidence" excluded by the cases cited by Defendants. Further, the information is either not hearsay, as the statement of a party opponent or agent thereof, or is subject to an exception to the hearsay rule, including Fed. R. Evid. 803(8)(A)(iii), and in any event may be used for impeachment purposes.

## VII. Media Reports

Defendants seek to introduce six news media reports and argue that they should be admitted because (1) they are self-authenticating under Fed. R. Evid. 902(6) and (2) they are not prohibited hearsay because they are offered not for the truth of the statements in the report, but to demonstrate "impact upon the state-of-mind of the relevant officials and policymakers in

3

Case 2:19-cv-00781-BHL   Filed 06/26/23   Page 3 of 7   Document 123

formulating the City of Milwaukee's response to the on-going events in the Sherman Park neighborhood." (Dkt. 118-6).

Plaintiffs object to Defendants attempt to introduce various media reports, for several reasons. First, whether these six news articles are self-authenticating is an issue of foundation and does not resolve the hearsay (and hearsay within hearsay) objection to the material that is included in the media reports. Second, Defendants' "effect on the listener" argument under Fed. R. Evid. (801)(c)(2) does not apply to these media reports, as Defendants have not offered any evidence that any of the "relevant officials and policymakers" that were responsible for formulating the City of Milwaukee's response had even seen, let alone relied upon these media reports to formulate their responses to events in the Sherman Park neighborhood. Finally, the media reports offered by the Defendants are irrelevant to the dispositive issues in this case under Fed. R. Evid. 401 and 402 and any probative value of these media reports are substantially outweighed by the danger of unfair prejudice, misleading the jury, and presenting cumulative evidence under Fed. R. Evid. 403, as previously explained in Plaintiffs' Motion in Limine (Dkt. 121).

Plaintiffs do not dispute that newspaper articles are self-authenticating under Fed. R. Evid. 902(6), but this does not resolve the hearsay issues presented in these media reports. "Authentic hearsay, is still hearsay." *Davis v. City of Springfield*, No. 04-3168, 2006 WL 2699333, at *2 (C.D. Ill. Sept. 19, 2006). "[S]elf-authentication merely relieves the proponent from providing foundational testimony; it is not a hearsay exception." *Reemer v. State*, 835 N.E.2d 1005, 1007 n.4 (Ind. 2005).

An out-of-court statement is hearsay if it is offered "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2). It is widely accepted that newspaper articles and other media reports are generally out-of-court statements offered for the truth of the matter asserted, and therefore are inadmissible hearsay. See *Chicago Firefighters Local No. 2 v. City of Chicago*, 249 F.3d 649, 654 (7th Cir. 2001); *Eisenstadt v. Centel Corp.*, 113 F.3d 738 (7th Cir. 1997). Media reports also frequently contain hearsay within hearsay under Fed. R. Evid. 805. *See*

4

*State Fin. Bank v. City of S. Milwaukee*, No. 00-C-1530, 2006 WL 2691604, at *4 (E.D. Wis. Sept. 20, 2006), *modified in part on other grounds on reconsideration*, No. 00-C-1530, 2007 WL 1029324 (E.D. Wis. Mar. 30, 2007); *See also United States Football League v. Nat'l Football League*, No. 84 CIV 7484, 1986 WL 5803, *2 (S.D.N.Y. May 16, 1986) (statements of belief by unknown declarants reiterated in newspaper article constituted hearsay within hearsay). The media reports submitted by Defendants are no exception and contain many of these hearsay within hearsay statements, and Defendants do not identify any hearsay exceptions under Fed. R. Evid. 803 or 804.

Defendants suggest that they are not offering the news reports for the truth of their contents, but for their "impact upon the state-of-mind of the relevant officials and policymakers in formulating the City of Milwaukee's response to the on-going events in the Sherman Park neighborhood," an "effect on the listener" argument under Fed. R. Evid.801(c)(2), the listeners being the City officials who devised and implemented plans to respond to the unrest following the shooting of Mr. Sylville Smith.

Generally, statements introduced to show their "effect on the listener" are not offered to prove the truth of the matter asserted and therefore are not hearsay. *United States v. Graham*, 47 F.4th 561, 567 (7th Cir. 2022) (*quoting Torry v. City of Chicago*, 932 F.3d 579, 585 (7th Cir. 2019)). However, a statement is offered to show an effect on the listener only if the listener actually heard and reacted to the statement. *Graham*, 47 F.4th at 567 (citing *United States v. Gaytan*, 649 F.3d 573, 579–80 (7th Cir. 2011)), and if the "actual use" of the statement at trial was to demonstrate the listener's response, *Graham*, 47 F.4th at 567 (*quoting Jones v. Basinger*, 635 F.3d 1030, 1042 n.2 (7th Cir. 2011)), as opposed to a clandestine effort to get inadmissible hearsay before the jury for the truth of the matter asserted.

There is no foundation for Defendants' assertion that the media reports had an "effect on the listener." Defendants offer no evidence (and Plaintiffs are unaware of any such evidence after extensive discovery) that Defendants or any officials or policymakers read or watched these media reports or that the officials and policy makers responsible for the dispersal orders on

August 30th or the arrests of Benetria McGowan and Jarrett English relied upon these media reports to formulate the Milwaukee Police Department's response to the on-going events in the Sherman Park neighborhood. Indeed, it is inconceivable that police officials would rely on media reports, as opposed to the observations and investigations of their own officers on the scene, in devising plans to respond to these events.

The way Defendants have actually used these articles in this litigation thus far is for the truth of the matter asserted: that "the shooting [of Sylville Smith] triggered weeks of rioting, protests, and general civic unrest." (Dkt. No. 58 ¶¶ 1-2.) The articles submitted contain narratives of the unrest and property damage that occurred prior to August 30th and the media reports published after August 30th contain statements and images of the property damage from unspecified dates starting on August 13, 2016. Therefore, the effect on the listener nonhearsay argument does not apply. *Graham*, 47 F.4th at 567 (statements in video purportedly offered for effect on listener were inadmissible hearsay where proponent "did not actually use" them "in that way," and did not elicit evidence of witnesses' reactions to statement).

Self-authentication also does not overcome problems of relevancy, unfair prejudice, risk of misleading the jury, and presenting unnecessarily cumulative evidence raised by Defendants' proffered media reports. As more fully explained in Plaintiffs' Motion in Limine (Dkt 121), even if they were not inadmissible hearsay, the media reports should be excluded because they are irrelevant under Fed. R. Evid. 401 and 402, and any minimal relevance of information contained in the media reports is substantially outweighed by the risk of misleading the jury, unfair prejudice and cumulative evidence. Fed. R. Evid. 403. The principal effect of media reports focusing on violence and property damage in the early days of the protests is to induce jurors to decide the case based on fear, rather than a dispassionate assessment of the facts of the case, and to distract jurors from what this Court has called the "dispositive question," "whether officers reasonably believed the situation in Sherman Park on August 30 involved sufficient 'immediate danger' to warrant the sweeping dispersal actions they carried out." (Dkt 97 at 13).

6

Finally, given the parties' stipulation of facts, which describes the violence during the first days after the shooting of Sylville Smith (Dkt 120-3 at ¶¶ 1-3), the evidence is clearly cumulative and its only remaining purposes are the improper ones of inflaming or distracting the jury.

For these reasons, Plaintiffs respectfully request that the Court deny Defendants' request to admit media reports.

Dated this 26th day of June, 2023.

    AMERICAN CIVIL LIBERTIES UNION OF WISCONSIN FOUNDATION and
    A. STEVEN PORTER
    *Attorneys for Plaintiffs*

    AMERICAN CIVIL LIBERTIES UNION OF
    WISCONSIN FOUNDATION, INC.

    <u>/s Chris Donahoe</u>

    R. Timothy Muth
    State Bar No. 1010710
    Emma Shakeshaft
    State Bar No. 1092046
    Laurence J. Dupuis
    State Bar No. 1029261
    Chris Donahoe
    State Bar No. 1092282
    207 E. Buffalo Street, Room 325
    Milwaukee, Wisconsin 53202
    (414) 272-4032
    (414) 272-0182 (fax)
    cdonahoe@aclu-wi.org
    ldupuis@aclu-wi.org
    eshakeshaft@aclu-wi.org
    tmuth@aclu-wi.org

    A. Steven Porter
    State Bar No. 1000195
    *Attorney for Plaintiffs*
    P.O. Box 7093
    Madison, Wisconsin 53707
    (608) 662-2285
    asp5949@gmail.com