IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

BENETRIA McGOWAN and
JARRETT ENGLISH,

         Plaintiffs,

-vs-                Case No. 19 CV 781

CITY OF MILWAUKEE, et al.,

         Defendants.

## PLAINTIFFS' OBJECTION TO DEFENDANTS' PROPOSED "SPECIAL INSTRUCTION ON TIME, PLACE OR MANNER OF PROTECTED SPEECH"

  Plaintiffs object to Defendants' proposed jury instruction regarding the time, place, and manner of protected speech. Defendants propose giving the jury in this case an instruction that "[t]he government may impose reasonable restrictions on the time, place, or manner of protected speech," which sets forth one formulation of the test for the constitutional validity of content-neutral time, place or manner regulations. Defs.' Proposed Jury Instr. (Dkt. 119-1) at 39 (*citing Ward v. Rock Against Racism*, 491 U.S. 781 (1989)).

  This instruction is improper for three reasons. First, by failing to develop any evidence or argument on summary judgment in support of justifying their actions based on a reasonable time, place or manner theory, Defendants have waived reliance on this argument. Second, the relaxed test by which time, place and manner restrictions on speech are evaluated applies only to duly adopted statutes, regulations or rules that cabin the discretion of government decision-makers, not to the sort of discretionary, ad hoc decision that led to the police operation in this case. Third, applying the constitutional test for time, place, or manner regulations involves questions of law that are for a court, not questions of fact ascertainable by a jury.

1

As this Court noted in its Order Granting in Part & Denying in Part Motions for Summary Judgment, Defendants:

> do not appear to have approached the situation from [the perspective of a time, place or manner regulation]. They cite no noise level ordinance, curfew announcement, or similar legal basis for a legitimate time, place, or manner dispersal.[1] Nor have they presented or developed any summary judgment argument under this type of theory.

Dkt. 97 at 14-15. Failure to raise and support an argument in defense of a summary judgment motion results in a waiver or forfeiture of the argument. *See Zember v. Ethicon, Inc.*, No. 20-cv-369-JPS, 2021 WL 1087041, at *3 (E.D. Wis. Mar. 22, 2021); *Wolotka v. School Town of Munster*, 399 F.Supp.2d 885, 901-902 (N.D. Ind. 2005) (collecting cases); *FirstMerit Bank v. Ferrari*, No. 13C6625, 2015 WL 4934630, * 2 (N.D. Ill. Aug. 18, 2015) (collecting cases).

Moreover, the doctrinal test for the constitutionality of content-neutral time, place, or manner restrictions applies only to statutes, rules or other formal policies that explicitly constrain a government official's discretion and are narrowly tailored to achieve a legitimate governmental purpose. For example, *Ward v. Rock Against Racism*, cited by Defendants in support of their proposed instruction, involved a facial challenge to a duly adopted sound ordinance that limited the discretion of the local officials who would enforce it. 491 U.S. at 793-95; *see also McCullen v. Coakley*, 573 U.S. 464, 476 (2014) (challenge to state statute regulating access to sidewalks near abortion clinics); *Cox v. Louisiana*, 379 U.S. 536, 551-52 (1965) (striking down conviction under dispersal statute that was unduly vague and overbroad).

It would perversely undermine the First Amendment's robust protection of speech and assembly in a public forum – including speech that "best serves its high purpose when it induces a condition of unrest" (*Cox*, 379 U.S. at 551-52 (quotation marks and citations omitted)) – to allow a jury to entertain an argument that the City's *ad hoc*, discretionary operation to shut down speech and assembly in this case should be treated with the deference reserved for narrowly

---

[1] Defendants have also disclaimed reliance on the unlawful assembly statute as a basis for the dispersal orders on August 30, 2016, denying that they declared unlawful assemblies pursuant to the state unlawful assembly statute or parallel local ordinance. *See* Defs.' Resp. to Pls.' PFOF (Dkt 80) at ¶¶ 24, 28.

2

tailored, content neutral statutes or ordinances that *constrain* such discretion. *See Thomas v. Chicago Park Dist.*, 534 U.S. 316, 323 (2002) (Supreme Court has "required that a time, place, and manner regulation contain adequate standards to guide the official's decision and render it subject to effective judicial review"). A court "cannot presume that officials will act in good faith and follow standards *not explicitly contained* in [an] ordinance." *Weinberg v. City of Chicago*, 310 F.3d 1029, 1046 (7th Cir. 2002) (emphasis added, citation omitted).

Finally, determining whether a statute or ordinance satisfies the First Amendment test for a content-neutral time, place or manner restriction involves questions of law, better answered on a motion to dismiss or for summary judgment,[2] not questions of fact that should be submitted to a jury. The threshold question in the analysis is whether the statute or ordinance is "content-based." *See Weinberg*, 310 F.3d at 1037. A law may be content based if it *either* (1) "'on its face' draws distinctions based on the message the speaker conveys," *or* (2) "cannot be justified without reference to the content of the regulated speech, or [was] adopted by the government because of disagreement with the message [the speech] conveys." *Reed v. Town of Gilbert*, 576 U.S. 155, 163-64 (2015) (internal quotations and citations omitted). A law that "defin[es] regulated speech by its function or purpose," like one that more expressly defines the regulated speech by its subject matter, creates a "facial distinction." *Id.* at 163. "A law that is content based on its face is subject to strict scrutiny regardless of the government's benign motive, content-neutral justification, or lack of 'animus toward the ideas contained' in the regulated speech." *Id.* at 165 (citations omitted).

On the other hand, "a content-based purpose may be sufficient in certain circumstances to show that a regulation is content based, it is not necessary." *Id.* (internal quotations omitted). In addition, speech restrictions based on the identity of the speaker may, under some circumstances, be deemed content-based restrictions. *See Citizens United v. Fed. Election Comm'n*, 558 U.S.

---

[2] Defendants' failure to raise the time, place, or manner argument at summary judgment deprived this Court of the ability to make necessary legal determinations before trial and thus buttresses a conclusion that the Defendants waived this argument.

310, 340 (2010) ("Speech restrictions based on the identity of the speaker are all too often simply a means to control content.") This is a complex question that requires a quintessentially legal analysis of the language and legislative history of the challenged enactment, not a simple question of fact for a jury.[3] It would be improper to charge a jury with making this legal determination of whether a regulation of speech and assembly draws content distinctions "on its face" or whether those adopting the ordinance did so because of disagreement with certain content or viewpoints.

For these reasons, Plaintiffs ask the Court not to give Defendants' proposed "Special Instruction on Time, Place, or Manner of Protected Speech."

Dated this 26th day of June, 2023.

                AMERICAN CIVIL LIBERTIES UNION OF WISCONSIN FOUNDATION and
                A. STEVEN PORTER

                By:    /s/ A. Steven Porter
                        A. Steven Porter
                        State Bar No. 1000195
                        *Attorney for Plaintiffs*
                        P.O. Box 7093
                        Madison, Wisconsin 53707
                        (608) 662-2285
                        (608) 819-6466 (fax)
                        asp5949@gmail.com

                        AMERICAN CIVIL LIBERTIES UNION OF
                        WISCONSIN FOUNDATION, INC.

---

[3] The determination of whether the government's asserted interest justifying a regulation is "significant" and whether the regulation is "narrowly tailored" to achieve that interest also involves questions of law, although factual findings may be necessary before making the overarching legal conclusion. For example, facts about the size and other features of a particular public forum may be relevant to determining whether a limit on the number of people allowed to gather is sufficiently "narrowly tailored" under the law. *See, e.g.*, *Kissick v. Huebsch*, 956 F.Supp.2d 981, 1000-1005 (W.D. Wis. 2013). Similarly, the existence and nature of "alternative channels" of communication may be questions of fact, but answering the question of whether they are sufficiently "ample" to satisfy the test requires legal analysis. For example, "an alternative is not adequate if it 'foreclose[s] a speaker's ability to reach one audience even if it allows the speaker to reach other groups.'" *Weinberg*, 310 F.3d at 1041 (citation omitted).

By: /s/ Laurence J. Dupuis
R. Timothy Muth
State Bar No. 1010710
Emma Shakeshaft
State Bar No. 1092046
Laurence J. Dupuis
State Bar No. 1029261
Chris Donahoe
State Bar No. 1092282
*Attorneys for Plaintiffs*
207 E. Buffalo Street, Room 325
Milwaukee, Wisconsin 53202
(414) 272-4032
(414) 272-0182 (fax)
cdonahoe@aclu-wi.org
ldupuis@aclu-wi.org
eshakeshaft@aclu-wi.org
tmuth@aclu-wi.org