UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JARRETT ENGLISH,
BENETRIA MCGOWAN,

    Plaintiffs,

  v.

               Case No. 19-cv-0781-bhl

CITY OF MILWAUKEE, et al.,

    Defendants.

---

## JURY INSTRUCTIONS

---

### FUNCTIONS OF THE COURT AND THE JURY

 Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

 You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

 Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

 Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

 Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

### VERDICT BASED SOLELY UPON EVIDENCE/AVOIDING UNCONSCIOUS BIAS

 Your decision must be based solely on the evidence. Do not let sympathy, prejudice, fear, or public opinion influence you. We all have feelings, assumptions, perceptions, fears, and stereotypes about others. We are aware of some biases and you must set these aside in your work as jurors. But we also have biases that we might not be conscious of. These are sometimes called

"implicit biases" or "unconscious biases." Because we are less aware of them, they may be harder to set aside.

Our biases may affect how we act or react, favorably or unfavorably, toward someone. They can also affect our thoughts and how we make decisions. As jurors you must resist jumping to conclusions or reaching a verdict that is influenced by any improper biases for or against any party or witness.

## ALL LITIGANTS EQUAL BEFORE THE LAW

In this case the individual defendants are current or former police officers. All parties are equal before the law. A current or former police officer is entitled to the same fair consideration that you would give any individual person, no more and no less.

## EVIDENCE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, including video evidence and depositions.

## WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

## NOTE-TAKING

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

## CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

## WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life. In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

## DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

## TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- the witness's memory;
- any interest, bias, or prejudice the witness may have;
- the witness's intelligence;
- the manner of the witness while testifying;
- and the reasonableness of the witness's testimony in light of all the evidence in the case.

## PRIOR INCONSISTENT STATEMENTS

You may consider statements given by a Party or a Witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses who is not a party made a statement not under oath that is inconsistent with his or her testimony here in court, you may consider the earlier statement only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

## LAWYER INTERVIEWING WITNESS

It is proper for a lawyer to meet with any witness in preparation for trial.

## NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

## ABSENCE OF EVIDENCE

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

## ADVERSE INFERENCE FROM MISSING WITNESS

Some witnesses were mentioned at trial but did not testify. You may, but are not required to, assume that their testimony would have been unfavorable to Defendants.

## EXPERT WITNESS

You have heard a witness give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

## DEMONSTRATIVE EXHIBITS

Certain maps have been shown to you. Those maps are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

## MULTIPLE CLAIMS; MULTIPLE PLAINTIFFS/DEFENDANTS

You must give separate consideration to each claim and each party in this case. Although there are several defendants, it does not follow that if one is liable, any of the others is also liable. In considering a claim against a defendant, you must not consider evidence admitted only against other defendants or only as to other claims.

## BURDEN OF PROOF

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

## NO NEED TO CONSIDER DAMAGES INSTRUCTION

If you decide for all defendants on the question of liability, then you should not consider the question of damages.

## SELECTION OF PRESIDING JUROR; SPECIAL VERDICT

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court. A verdict form has been prepared for you.

[Special Verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the verdict form.

## COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

## DISAGREEMENT AMONG JURORS

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous. You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict. All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

## INSTRUCTION ON NEWS COVERAGE

You must not read or listen to any news reports of the trial. And, as previously instructed, you are not to perform any research, including internet searches, relating to the case.

## JUDGE'S COMMENTS TO LAWYER

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

## FIRST AMENDMENT: FREEDOM OF EXPRESSION & ASSEMBLY

The First Amendment to the United States Constitution protects freedom of speech and the right of the people peaceably to assemble from infringement by government officials, including the police.

Whether and to what extent government officials can limit a person's right to free speech and assembly depends on the type of forum in which the speech or assembly takes place. In this case, the speech and assembly took place in what is known as a traditional public forum, which is a place the public has typically used for assembly, communication, and debate.

In such a forum, the government's power to restrict expression and assembly is limited. Police officers do not have a general authority to order people gathered for expressive purposes to "move on" or disperse. The government may not condition a person's right to stand on a public sidewalk on the whim of a police officer.

In a traditional public forum, government officials, including police officers, cannot suppress a person's right to free speech or assembly unless the speech or assembly poses a clear and present danger of a riot, serious bodily injury or other imminent lawlessness that rises far above public inconvenience, annoyance or unrest.

The First Amendment protects the right of people to observe and video record police activity and transmit information about such activity. The First Amendment also protects verbal questioning, criticism, challenges and even profanity directed at police officers.

**FOURTH AMENDMENT: FALSE ARREST – ELEMENTS**

Plaintiffs claim that Defendants falsely arrested them. To succeed on these claims, each Plaintiff must prove the following things by a preponderance of the evidence:

1. Defendant arrested Plaintiff.
2. Defendant did not have probable cause to arrest Plaintiff.
3. Defendant acted under color of law.

It is undisputed that Defendants arrested Plaintiffs. It is also undisputed that Defendants acted under color of law. Therefore you only need to determine whether Plaintiff has proved by a preponderance of the evidence Defendants did not have probable cause to arrest Plaintiffs. If you find that a Plaintiff has proved by a preponderance of the evidence that Defendants did not have probable cause, then you must decide for that Plaintiff, and go on to consider the question of damages. If, on the other hand, you find that a Plaintiff has failed to prove that Defendants did not have~~had~~ probable cause by a preponderance of the evidence, then you must decide for that Defendant, and you will not consider the question of damages for that Plaintiff.

**FOURTH AMENDMENT: FALSE ARREST**
**DEFINITION OF "PROBABLE CAUSE"**

Probable cause exists for an arrest if, at the moment the arrest was made, a reasonable person in Defendant's position would have believed that each Plaintiff had committed or was committing a crime. In making this decision, you should consider what each Defendant knew and the reasonably trustworthy information Defendant had received.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that Defendant's belief was probably right. The fact that Plaintiffs were later acquitted of a crime or not charged does not by itself mean that there was no probable cause at the time of the arrests.

It is not necessary that Defendants had probable cause to arrest Plaintiff for a particular crime, so long as Defendants had probable cause to arrest for some criminal offense.

The law does not recognize collective probable cause or guilt by association. Probable cause must be particularized to the individual being arrested. The fact that someone nearby may have committed a crime does not allow police officers to arrest anyone in the area. That plaintiffs may have been part of an assembly where some individuals had broken the law does not mean the police had probable cause to arrest the plaintiffs.

# FOURTH AMENDMENT: FALSE ARREST
# ELEMENTS OF OBSTRUCTION

In order to have had probable cause to arrest a person for resisting or obstructing an officer, defendants must have had probable cause to believe each of the following elements:

(1) the person resisted or obstructed an officer;

(2) the officer was acting in an official capacity;

(3) the officer was acting with lawful authority; and

(4) the person knew that the officer was acting in an official capacity and with lawful authority and that the person's conduct would obstruct an officer.

In this case, there is no dispute the officers were acting in an official capacity and that Plaintiffs knew that. So you must determine whether the officers were acting with lawful authority, whether they had probable cause to believe the plaintiffs' actions materially obstructed legitimate law enforcement efforts and whether defendants had probable cause to believe that Plaintiffs knew the police dispersal orders were lawful and knew that their actions in response to those orders would actually obstruct.

# FOURTH AMENDMENT: FALSE ARREST
# ELEMENTS OF OBSTRUCTION – LAWFUL AUTHORITY

In determining whether Defendants had probable cause to arrest for obstruction, you must first decide whether the arresting officers acted with "lawful authority" when they ordered the plaintiffs to disperse. In a free society, police officers do not have unlimited authority to order citizens to "move on" or disperse. The government may not condition a person's right to stand on a public sidewalk on the whim of a police officer. The Constitution protects the freedom to loiter for innocent purposes, the freedom to walk down the street, and the right to peaceably assemble on a public street or sidewalk.

These rights are not unqualified. When there is immediate danger to people in the area, police officers may order dispersal if necessary to prevent a riot or serious bodily injury to those gathered.

You must decide whether the officers reasonably believed the situation on August 30, 2016, at the times and places where they ordered plaintiffs to disperse, involved sufficient immediate danger of riot or serious bodily injury to warrant the orders to the plaintiffs. If you decide that there was not such an immediate danger or that dispersal was not necessary to prevent a riot or serious bodily injury to those gathered, then the officers did not have lawful authority to order Plaintiffs to disperse or move on, and you must find in favor of the plaintiffs on their false arrest claims.

# FOURTH AMENDMENT: FALSE ARREST
# ELEMENTS OF OBSTRUCTION – ACTUALLY OBSTRUCTED

In determining whether Defendants had probable cause to arrest for obstruction, you must decide whether officers had probable cause to believe Plaintiffs actions actually obstructed the police from preventing a riot or bodily injury. If you find the police officers had probable cause to believe the situation involved sufficient immediate danger of riot or serious bodily injury to warrant the orders to the plaintiffs, you must then decide whether the officers had probable cause to believe that the plaintiffs' actions actually obstructed the police from preventing a riot or bodily injury.

The action justifying an arrest for obstruction cannot simply inconvenience the police officers. In order to justify an arrest for obstruction for not dispersing, the failure to immediately disperse must make a difference in the officers' ability to prevent rioting or bodily injury.

You must decide whether Defendants had probable cause to believe the plaintiffs actually disobeyed the officers' orders to disperse and that this disobedience actually made a difference in the officers' ability to prevent rioting or bodily injury. If you find that Defendants did not have probable cause to believe that Plaintiffs were disobeying police orders or did not have probable cause to believe that any disobedience would actually interfere with officers' ability to prevent a riot or bodily injury, you must find in favor of the plaintiffs on their false arrest claims.

# FOURTH AMENDMENT: FALSE ARREST
# ELEMENTS OF OBSTRUCTION – PLAINTIFFS KNEW THEIR CONDUCT WOULD OBSTRUCT

In determining whether Defendants had probable cause to arrest for obstruction, you must also decide whether the police officers had probable cause to believe Plaintiffs knew that the orders were legitimate or that their actions in response would obstruct police. If you find the police officers had probable cause to believe that the plaintiffs' actions actually obstructed the police from preventing a riot or bodily injury, you must decide whether the police officers had probable cause to believe the plaintiffs knew that the police orders were legitimate and that their actions in response would obstruct the police.

## FOURTH AMENDMENT: FALSE ARREST – DISORDERLY CONDUCT

In order to have had probable cause to arrest a person for disorderly conduct, defendants must have had probable cause to believe that the person engaged in violent, abusive, indecent, profane, boisterous, unreasonably loud or otherwise disorderly conduct under circumstances in which the conduct tends to cause or provoke a disturbance. The failure to comply with a lawful police order can be disorderly conduct if the failure occurs in circumstances in which it tends to cause or provoke a disturbance. In determining whether a police order was lawful, you should consider the previous instructions concerning lawful authority and freedom of expression and assembly.

## FOURTH AMENDMENT AND FOURTEENTH AMENDMENT: EXCESSIVE FORCE AGAINST ARRESTEE OR DETAINEE – ELEMENTS

Plaintiffs claim that Defendants used excessive force against them. To succeed on this claim, each Plaintiff must prove each of the following (two) things by a preponderance of the evidence:

1. Defendant(s) used unreasonable force against Plaintiff.
2. Defendant(s) acted under color of law.

If you find that a Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for that Plaintiff, and go on to consider the question of damages. If on the other hand, you find that a Plaintiff did not prove any one of these things by a preponderance of the evidence, then you must decide for that Defendant, and you will not consider the question of damages.

## FOURTH AMENDMENT: EXCESSIVE FORCE AGAINST ARRESTEE DEFINITION OF "UNREASONABLE"

In performing his job, an officer can use force that is reasonably necessary under the circumstances. In deciding whether Defendant(s) used unreasonable force, you should consider all of the circumstances. Circumstances you may consider include the need for the use of force, the relationship between the need for the use of force and the amount of force used, the extent of the plaintiff's injury, any efforts made by the defendant to temper or limit the amount of force, the severity of the crime at issue, the threat reasonably perceived by the officer(s), and whether the plaintiff was actively resisting arrest or was attempting to evade arrest by fleeing, but you are not limited to these circumstances.

You must decide whether each Defendant's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that Defendant faced. You must make this decision based on what the officer knew at the time of the use of force, not based on matters learned after the use of force. In deciding whether each Defendant's use of force was unreasonable, you must not consider whether each Defendant's intentions were good or bad.

When an illegal arrest results in physical touching and other indignities that would be permissible in a lawful arrest, any physical contact may constitute excessive force. The plaintiffs are not required to show any harm from the application of force, although the extent of any injury may be relevant to determining the amount of force used.

## LIABILITY OF INDIVIDUAL OFFICERS

Plaintiffs must prove by a preponderance of the evidence that each Defendant Officer, Defendants Brock, Ghassoul, Wallich, and Wilkiewicz, were personally involved in the conduct that Plaintiff(s) complains about. You may not hold an individual officer defendant liable for what others did or did not do.

## LIABILITY OF SUPERVISOR

To succeed on their false arrest claims against Defendant James Harpole, Plaintiffs must prove each of the following things by a preponderance of the evidence:

1. Officers Brock, Ghassoul and/or Wilkiewicz falsely arrested Plaintiff Jarrett English and/or Officers Wallich and/or Ghassoul falsely arrested Plaintiff McGowan;

2. As their supervisor, Assistant Chief Harpole personally directed, condoned or approved the conduct of officers in making arrests of individuals gathered on the evening in question even in the absence of probable cause; and

3. As a result, Plaintiff was injured.

If you find that either or both Plaintiffs have proved each of these things by a preponderance of the evidence with respect to their arrests, then you must find Defendant Harpole liable for that Plaintiff's or those Plaintiffs' arrests. If, on the other hand, you find either or both Plaintiffs have failed to prove any one of these things by a preponderance of the evidence with respect to their arrests, then you must decide Defendant Harpole is not liable for that Plaintiff's or both Plaintiffs' arrests.

## LIABILITY OF MUNICIPALITY

If you find that Plaintiffs have proved a constitutional violation by a preponderance of the evidence, you must consider whether the City of Milwaukee is also liable to Plaintiffs.

The City of Milwaukee is not responsible simply because it employed named defendant officers. To succeed on this claim, Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1. Plaintiffs were unreasonably detained/arrested in violation of their First or Fourth Amendment rights;
2. At the time, the City of Milwaukee had a decision or policy statement made by Chief Flynn, who is a policymaking official for the City of Milwaukee; and
3. The policy in paragraph 2 caused Plaintiffs' unreasonable detention/arrest and/or violation of their First or Fourth Amendment rights.

## PROXIMATE CAUSE

If you find that Plaintiffs have proved a constitutional violation by a preponderance of the evidence, you must consider if the Defendant(s) were the proximate cause of the violation. Causation is a standard element of liability, and includes two requirements:

1. The injury would not have occurred absent the conduct; and

2. The injury is of a type that a reasonable person would see as a likely result of his or her conduct.

## DAMAGES: COMPENSATORY

If you find liability on the part of one or more defendant on questions, then you must determine the amount of money that will fairly compensate the Plaintiff(s). Plaintiff(s) must prove their damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

a. The physical and/or mental and/or emotional pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff(s) of the injury sustained.

b. The wages, salary, and profits, that Plaintiff(s) has lost and the present value of the wages, salary, and profits.

c. The reasonable value of medical care and supplies that Plaintiff(s) reasonably needed and actually received as well as the present value of the care and supplies that he or she is reasonably certain to need and receive in the future.

If you return a verdict for a Plaintiff, but find that that Plaintiff has failed to prove compensatory damages, then you must award nominal damages of $1.00.

## DAMAGES: PUNITIVE

If you find for Plaintiff(s), you may, but are not required to, assess punitive damages against Defendant(s). The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to Defendant(s) and others not to engage in similar conduct in the future.

Plaintiff(s) must prove by a preponderance of the evidence that punitive damages should be assessed against a particular Defendant. You may assess punitive damages only if you find that his or her conduct was malicious or in reckless disregard of Plaintiffs' rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff(s). Conduct

is in reckless disregard of Plaintiffs' rights if, under the circumstances, Defendant(s) simply did not care about Plaintiffs' safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party.

In determining the amount of any punitive damages, you should consider the following factors:
- The reprehensibility of the Defendant's conduct;
- The impact of the Defendant's conduct on Plaintiff(s)' rights;
- The relationship between the Plaintiff and the Defendant(s);
- The likelihood that the Defendant(s) would repeat the conduct if an award of punitive damages is not made;
- The relationship of any punitive damages to the amount of actual harm Plaintiff(s)' suffered.